■ In the Matter of the Claim of David A. Ianitzky, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.— Aulisi, J. Appeal

from a decision of the Unemployment Insurance Appeal Board which sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause (Labor Law, § 593, subd. 1, par. [a]). Claimant, an order clerk for an investment banking and stock brokerage firm, was dismissed for violating Federal Government and New York Stock Exchange rules relating to the purchase and sale of securities. The employer required its employees to comply with said rules one of which provided that a period of four business days from the date of purchase was permitted for payment or settlement of accounts. In the event that such securities were being sold prior to the expiration of the four business days, the employer required that such securities be paid for prior to the sale. Employees were also required to place orders through their department heads or branch managers. Contrary to said rules and a previous warning, claimant sold certain securities without placing the order through his department head or branch manager and before they were paid. He denies previous warning and contends that the four business days had not yet expired when he was dismissed from his job. The board found that the sale constituted a violation of a reasonable rule of conduct and that claimant voluntarily provoked his discharge. It obviously rejected claimant's testimony. The determination of credibility is within the board's province (*Matter of Fusfeld* [*Catherwood*], 19 A D 2d 678, 679). We cannot say that the record does not justify the board's determination. What constitutes good cause is a question of fact (*Matter of Sperling* [*Catherwood*], 20 A D 2d 584, mot. for lv. to app. den. 14 N Y 2d 481) and the resolution of the factual issues is within the power of the board where, as here, it is supported by substantial evidence (*Matter of Weinberger* [*Catherwood*], 22 A D 2d 995). Decision affirmed, without costs. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.